# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

GEORGE WARD,

    Petitioner,

v.                                              Case No. 1:16-cv-02873-JDB-egb

WARDEN CHAPMAN,

    Respondent.

## ORDER DISMISSING § 2241 PETITION,
## ENTERING JUDGMENT FOR RESPONDENT,
## AND
## DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On November 3, 2016, Petitioner, George Ward, filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241.[1] (ECF No. 1.) For the following reasons, the petition is DISMISSED.

Ward is currently detained at the West Tennessee Detention Facility in Mason, Tennessee, awaiting sentencing in his underlying federal criminal case, *United States v. Ward*, 14-cr-10089. On December 12, 2016, the undersigned reset Ward's sentencing hearing to January 11, 2017. (*See* 14-cr-10089, ECF No. 137). In his § 2241 petition in the instant case, Ward's only stated ground for habeas relief is his belief that he might not receive credit toward his sentence for the time he served in state custody, presumably while awaiting his federal trial. (*See* ECF No. 1 at 2.) In his "Request for Relief," Ward asks that the Court apply "any and all" state custody credits to his soon-to-be-imposed federal sentence. (*Id.* at 8.)

---

[1] Petitioner's Federal Bureau of Prisons registration number is 27100-076.

A petitioner seeking relief under § 2241 must allege that he is in custody "in violation of" federal law. 28 U.S.C. § 2241 (c)(3). Here, Ward does not claim that his current detention is "in violation of" any federal law. Moreover, his speculation about a potential violation of federal law is not a proper basis for habeas relief. *See e.g.*, *Woodley v. Holder*, No. 4:10-CV-98-CDL-MSH, 2010 WL 5553987, at *1 n. 1 (M.D. Ga. Dec. 6, 2010) (denying petitioner's request to amend his § 2241 petition to add a claim for a speculative future Fifth Amendment violation), *report and recommendation adopted*, No. 4:10-CV-98 CDL, 2011 WL 53176 (M.D. Ga. Jan. 5, 2011); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 786 (E.D. Mich. 2004) (petitioner could not obtain habeas relief under § 2241 where he claimed a "future violation" of federal immigration law).

The petition (ECF No. 1) is therefore DISMISSED.

Judgment shall be ENTERED for Respondent.

## APPEAL ISSUES

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. FED. R. APP. P. 24(a). However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See id.* The Court determines and certifies, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[2]

---

[2] A federal prisoner who challenges his custody pursuant to 28 U.S.C. § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009). Nevertheless, if Ward files a notice of

IT IS SO ORDERED, this 14th day of December, 2016.

        **s/ J. DANIEL BREEN**
        J. DANIEL BREEN
        CHIEF UNITED STATES DISTRICT JUDGE

---

appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* FED. R. APP. P. 24(a)(5).